RECEIVED

OCT 10 2007

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

FILED

OCT 10 2007

U. S. DISTRICT COURT
E. DISTRICT OF MO.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 4:07-cr-00143-JCH- |
| ) | |
| MICHAEL DEVLIN, ) | |
| ) | |
| Defendant. ) | |

### APPLICATION OF THE ST. LOUIS POST-DISPATCH
### TO INTERVENE FOR THE SOLE AND LIMITED PURPOSE
### OF CHALLENGING THE SEALING OF THE PLEA AGREEMENT;
### MOTION TO UNSEAL PLEA AGREEMENT; AND REQUEST FOR HEARING

Applicant/Movant the St. Louis Post-Dispatch, LLC ("Post-Dispatch"), by their attorneys, Lewis, Rice & Fingersh, L.C., seek an order granting them leave to intervene in the proceedings captioned the *United States vs. Michael Devlin* and numbered 07-CR-00143-JCH ("Proceedings") for the sole and limited purpose of challenging the sealing of the Plea Agreement, Guidelines, Recommendations and Stipulations and to be heard on its motion to unseal same. (Docket No. 13) ("Plea Agreement"). The Post-Dispatch further moves to unseal the Plea Agreement herein and for an opportunity to be heard on the relief requested herein.

Well-founded principles of Constitutional and Common Law provide the Post-Dispatch with the right to intervene in these proceedings for the limited purpose proposed in this Application and Motion. Moreover, the circumstances under which the Plea Agreement was sealed contravenes settled procedural requisites for such extraordinary action. Finally, as the Plea Agreement serves as a substitute for evidence that would be offered at trial – which is undeniably an event to which First Amendment rights of access attach – the Plea Agreement must be open to the public unless rigorous First Amendment standards are met.

In support of this Application and Motion, the Post-Dispatch states:

## BACKGROUND

1. Applicant/Movant St. Louis Post-Dispatch, LLC is the owner and publisher of a daily newspaper of general circulation throughout St. Louis, Missouri and Southern Illinois called the *St. Louis Post-Dispatch*. The *Post-Dispatch*, *inter alia*, covers proceedings in the courts of the St. Louis, Missouri metropolitan region and reports on same in its newspaper.

2. The Proceedings involve criminal charges of sexual exploitation of a minor identified herein as "S," but whose identity is commonly known as a consequence of the extraordinary circumstances of the case. Additionally, the defendant has recently pleaded guilty in three different jurisdictions in the State of Missouri to charges of kidnapping "S" and another minor, and attempted murder and sexual assault on "S." To the Post-Dispatch's knowledge, none of the records in the State court proceedings have been sealed.

3. These Proceedings and the court records herein have until the sealing of the Plea Agreement been open and available to the public, and no motion has ever been filed to close the Proceedings or seal any of the court records.

4. On dates prior to October 10, 2007, the defendant and his counsel negotiated a plea agreement in lieu of trial, resulting in the taking of a guilty plea and the execution and filing in this Court of the Plea Agreement on October 10, 2007.

5. The defendant's plea was taken in open court. During the hearing on the plea, the Court referenced a twenty page Plea Agreement signed by the defendant and all counsel. An Assistant United States Attorney recited in general terms the nature of the crimes, which involve sex acts with the minor victim, taking photographs and videos of those acts, and transporting the minor across state lines to engage in those acts. Upon information and belief, the Plea

Agreement details other circumstances of the criminal acts committed by defendant and evidence which would have been offered had this case gone to trial. The defendant testified under oath that all facts and details set forth in the Plea Agreement were true.

6. Although counsel for the Post-Dispatch was present at the plea hearing and prepared to present argument in opposition to any motion to seal the hearing or the Plea Agreement, no motion was presented to seal the Plea Agreement. In fact, to the best of the Post-Dispatch's knowledge, no motion was ever presented in any open court proceeding that sought the sealing of the Plea Agreement.

7. After the plea hearing, reporters and counsel for the Post-Dispatch requested access to the Plea Agreement, but were told that it was filed under seal and would not be made available to the Post-Dispatch.

8. In subsequent conversations with the Office of the United States Attorney, counsel for the Post-Dispatch was told that the Plea Agreement, in its entirety, was filed under seal in order to protect the minor victim from further impact arising out of the heinous acts of the defendant.

9. When the Plea Agreement was filed under seal, there was no order permitting the filing of same under seal; nor was there any formal notice or forewarning that same would be sealed. The Post-Dispatch, other media and interested members of the public were not provided any advance opportunity to object to the sealing of the Plea Agreement.

## APPLICATION TO INTERVENE

10. The Post-Dispatch seeks to intervene in these proceedings for the sole and limited purpose of challenging the sealing of the Plea Agreement.

11. Media entities, such as the Post-Dispatch, have standing and a recognized right to intervene and be heard in opposition to the closure of court proceedings and court records. *See, e.g., Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000) ("[W]e have recognized intervention as the logical and appropriate vehicle by which the public and the press may challenge a closure order.").

## MOTION TO UNSEAL

12. The First Amendment clearly guarantees the right of the press and the public to attend criminal trials. *See, e.g. Press Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) ("*Press Enterprise II*");*Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508-10 (1984) (*Press Enterprise I*); *Globe Newspaper v. Superior Court*, 457 U.S. 596, 603 (1982).

13. This First Amendment right has been extended to plea hearings and plea agreements. *See, e.g., Washington Post v. Robinson*, 935 F.2d 282, 287-88 (D.C. Cir. 1991) (plea agreement); *Oregonaian Publishing Co. v. United States Dist. Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) (plea agreement); *United States v. Haller*, 837 F.2d 84, 86 (2d Cir. 1988) (plea agreement); *In re Washington Post Company*, 807 F.2d 383, 388, 390 (4th Cir. 1986) (plea hearing and related affidavits); *United States v. Kooistra*, 796 F.2d 1390, 1391 (11th Cir. 1986).

14. Though not dealing with a plea agreement, the Eighth Circuit Court of Appeals in *In re Search Warrant for Secretarial Area Outside the Office of Thomas Gunn*, 855 F.2d 569, 573 (8th Cir. 1988), held that a First Amendment right of access extends to documents filed in support of search warrant applications because such materials were historically open and are an

integral part of the criminal proceeding. A plea agreement is no different. If anything, the circumstances supporting a First Amendment right of access are greater for a plea agreement than they are for a search warrant application.

15. The Plea Agreement herein is unquestionably subject to a First Amendment right of access as it is an integral part of the criminal proceedings herein and, in fact, serves as a substitute for the trial itself. *In re Washington Post Company*, 807 F.2d at 389; *Oregonian Publishing Co. v. United States Dist. Court*, 920 F.2d at 1465; *United States v. Haller*, 837 F.2d 87-88. Though unseen by the Post-Dispatch, it is plain that the contents of the Plea Agreement are intended to include a recitation of the evidence that would have been offered at trial.

16. Under ample Supreme Court precedent, the First Amendment right of access is a presumptive right, and the burden is upon the proponent of closure to proceed in a proper procedural fashion and to show compelling reasons to deny this right of access.

17. Importantly, in pursuing this Application and Motion, the Post-Dispatch has no burden to prove the impropriety of the sealing of the Plea Agreement; the burden is on the party who sought the seal to justify the extraordinary relief sought.

18. In order to comply with the First Amendment, certain procedural requirements should have been satisfied *before* sealing of the Plea Agreement. These include: (i) a written motion to seal; (ii) notice of the motion entered in the public docket; (iii) an opportunity for interested members of the public or press to be heard in opposition; and (iv) the court should articulate findings of fact on the record or in an order identifying the substantive circumstances justifying closure (these substantive criteria are identified in paragraph 20 below). *See, e.g., Washington Post v. Robinson*, 935 F.2d at 289; *see also Oregonian Publishing Co. v. United*

*States Dist. Court*, 920 F.2d at 1466 (indicating that the court had complied with the procedural requisites by doing all these things).

19. In this case, none of these procedural requirements were satisfied. There was no motion; no notice; no opportunity to be heard; and no written explanation of the circumstances justifying the sealing of the Plea Agreement. For these reasons, alone, the Plea Agreement should be made publicly available immediately.

20. Additionally, the sealing of the Plea Agreement is substantively proper only if the proponent of closure demonstrates that: (i) sealing of the Plea Agreement serves a compelling interest; (ii) a substantial probability exists that, in the absence of closure, this compelling interest would be harmed; (iii) no alternatives exist to protect that compelling interest. *See, e.g., Washington Post v. Robinson*, 935 F.2d at 290-91; *see also Press Enterprise II*, 478 U.S. at 13-14; *Oregonian Publishing Co. v. United States Dist. Court*, 920 F.2d at 1466.

21. Though understandable, a mere expression of desire to protect a minor sex victim from undesired publicity is not a compelling governmental interest. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 610-11 (1982). If it were, the United States Supreme Court would not have struck a Massachusetts statute mandating closure of portions of criminal proceedings wherein minor sexual assault victims testified about the offense. *Id.*

22. The Supreme Court's holding in *Globe Newspaper* clearly establishes that sexual offenses involving minors is not a compelling interest which *per se* justifies closure. Instead, there must be a showing that closure "is necessary to protect the welfare of a minor victim." *Id.* at 608, *see also id.* at 611 n. 27.

23. In fact, there are three important points that follow from the holding in *Globe Newspaper* when considering whether closure of trials involving minor sexual assault victims is

proper. First, the proponent of closure must show that the minor will suffer serious physical or psychological harm. Second, he or she must show that closure is necessary to "safeguard[] the physical [or] psychological well-being of [the] minor." *Id.* at 607. Third, he or she must show that closure is likely to be effective in protecting against that harm and that the harm to be suffered from openness of the record is incrementally greater than that suffered from the crime and the publicity about it already occurring. *Id* at 607, n. 9. If these three things are not shown, then the proponent of closure has failed in his or her burden of showing that a compelling governmental interest justifies closure and that closure is narrowly tailored to served that interest. *Id.* at 606-07.

WHEREFORE, the St. Louis Post-Dispatch, LLC respectfully moves for an Order of this Court:

    A.    Setting this matter for hearing at the first available opportunity;

    B.    Granting its Application for Leave to Intervene for the Sole and Limited Purpose of Challenging the Sealing of the Plea Agreement;

    C.    Rescinding the Seal on the Plea Agreement; and

    D.    For such other and further relief as this Court deems appropriate in the circumstances.

LEWIS, RICE & FINGERSH, L.C.

By: _____
Joseph E. Martineau, #3759
Anne R. Scholl
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone: 314/444-7729
Facsimile: 314/612-7729
Email: jmartineau@lewisrice.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 10th day of October, 2007, a copy of the above and foregoing document was served via facsimile and U.S. Mail, postage prepaid on:

Bryan S. Johnson
**JOHNSON LAW OFFICES, L.L.C.**
201 North Kingshighway
St. Charles, Missouri 63301
Facsimile: 636/916-4956

Ethan B. Corlija
**HOGAN AND SOKOLIK**
8008 Carondelet Ave., Ste. 300
Clayton, Missouri 63105
Facsimile: 314/863-55647

Michael K. Kielty
201 North Kingshighway
St. Charles, Missouri 63301
Facsimile: 636/916-4956

Catherine L. Hanaway
United States Attorney
111 South Tenth Street, Room 20.333
St. Louis, Missouri 63102
Facsimile: 314/539-2309