AO 245B (Rev. 06/05)
Sheet 1- Judgment in a Criminal Case

# United States District Court

## Eastern District of Missouri

| UNITED STATES OF AMERICA | |
|---|---|
| v. | JUDGMENT IN A CRIMINAL CASE |
| MICHAEL J. DEVLIN | CASE NUMBER: 4:07CR143 JCH |
| | USM Number: 34499-044 |
| THE DEFENDANT: | Michael Kielty |
| | Defendant's Attorney |

[X] pleaded guilty to count(s)  One (1) through Six (6) of the Indictment on October 10, 2007.

[ ] pleaded nolo contendere to count(s) _____
which was accepted by the court.

[ ] was found guilty on count(s) _____
after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 2251(a) and punishable under 18 USC § 2251(e) | Knowingly employ, use, pursuade, induce, entice, and coerce a minor, to engage in sexually explicit conduct, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct | October 6, 2002 to July 1, 2003 | One (1) |
| 18 USC § 2251(a) and punishable under 18 USC § 2251(e) | Knowingly employ, use, pursuade, induce, entice, and coerce a minor, to engage in sexually explicit conduct, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct | July 1, 2003 to January 12, 2007 | Two (2) |
| 18 USC § 2251(a) and punishable under 18 USC § 2251(e) | Knowingly employ, use, pursuade, induce, entice, and coerce a minor, to engage in sexually explicit conduct, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct | July 1, 2003 to January 12, 2007 | Three (3) |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 21, 2007
Date of Imposition of Judgment

*Jean C Hamilton*
Signature of Judge

Honorable Jean C. Hamilton
United States District Judge
Name & Title of Judge

December 21, 2007
Date signed

Record No. 851

DEFENDANT: MICHAEL J. DEVLIN
CASE NUMBER: 4:07CR143 JCH
District: Eastern District of Missouri

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 2251(a) and punishable under 18 USC § 2251(e) | Knowingly employ, use, pursuade, induce, entice, and coerce a minor, to engage in sexually explicit conduct, and said sexually explicit conduct was for the purpose of producing a visual depiction of such conduct | July 1, 2003 to January 12, 2007 | Four (4) |
| 18 USC § 2423(a) and punishable under 18 USC 2423(a) | Knowingly transport an individual under the age of 18 in interstate or foreign commerce, with the intent that the individual engage in any sexual activity for which a person can be charged with a criminal offense | February 13, 2004 to February 15, 2004 | Five (5) |
| 18 USC § 2423(a) and punishable under 18 USC 2423(a) | Knowingly transport an individual under the age of 18 in interstate or foreign commerce, with the intent that the individual engage in any sexual activity for which a person can be charged with a criminal offense | June 20, 2004 to July 3, 2004 | Six (6) |

DEFENDANT: MICHAEL J. DEVLIN
CASE NUMBER: 4:07CR143 JCH
District: Eastern District of Missouri

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 170 years.

Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 240 months on count one and 360 months on each of counts two through six, all such terms to be served consecutively for an aggregate sentence of 170 years. This sentence shall run consecutively to the sentences the defendant is currently serving for the State of Missouri in Docket Number 07H1-CR00015-01, from Franklin County, Missouri, Docket Number 07WA-CR00002, from Washington County, Missouri and Docket Number 07CR-541, from St. Louis County, Missouri, pursuant to the provisions of Section 5G1.3(c).

[X] The court makes the following recommendations to the Bureau of Prisons:

While in the custody of the Bureau of Prisons, it is recommended that the defendant be evaluated for participation in the residential sex offender treatment and counseling program and the Residential Drug Abuse Program, if this is consistent with the Bureau of Prisons policies.

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

   [ ] at _____ a.m./pm on _____

   [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before 2 p.m. on _____

   [ ] as notified by the United States Marshal

   [ ] as notified by the Probation or Pretrial Services Office

## MARSHALS RETURN MADE ON SEPARATE PAGE

DEFENDANT: MICHAEL J. DEVLIN
CASE NUMBER: 4:07CR143 JCH
District: Eastern District of Missouri

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of life.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

- [ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable)
- [x] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The Defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician:
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MICHAEL J. DEVLIN
CASE NUMBER: 4:07CR143 JCH
District: Eastern District of Missouri

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall participate in a drug or alcohol abuse treatment program approved by the United States Probation Office, which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a Comprehensive Sanctions Center, Residential Re-Entry Center, or inpatient treatment in a treatment center or hospital. The defendant shall pay for the costs associated with substance abuse services based on a co-payment fee established by the United States Probation Office. Co-payments shall never exceed the total cost of services provided.

3. The defendant shall participate in a mental health program approved by the United States Probation Office. The defendant shall pay for the costs associated with treatment based on a co-payment sliding fee scale approved by the United States Probation Office. Co-payments shall never exceed the total costs of treatment.

4. The defendant shall comply with all federal, state, and local sex offender registration laws and provide verification of registration to the United States Probation Office.

5. The defendant shall participate in a sex-offense specific treatment program. The defendant shall enter, cooperate, and complete said program until released by the United States Probation Office. The defendant shall abide by all policies and procedures of the sex-offense specific program. During the course of said treatment, the defendant shall be subject to periodic and random physiological testing which may include but is not limited to polygraph testing and/or other specialized assessment instruments. The defendant shall pay for the costs associated with treatment based on a co-payment sliding fee scale approved by the United States Probation Office. Co-payments shall never exceed the total costs of treatment.

6. The defendant shall be prohibited from contact with children under the age of 18 without the prior written permission of the United States Probation Office and shall report to the United States Probation Office immediately, but in no event later than 24 hours, any unauthorized contact with children under the age of 18.

7. The defendant shall be prohibited from engaging in any occupation, business, or profession where he has access to children under the age of 18 without prior written approval from the United States Probation Office.

8. The defendant shall not loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by children under the age of 18.

9. The defendant shall not possess obscene material as deemed inappropriate by the probation officer and/or treatment staff, or patronize any place where such material or entertainment is available.

10. The defendant shall not purchase or maintain a post office box or any other type of private mail box without written approval of the probation officer.

11. The defendant shall not possess or use a computer, gaming equipment with web and/or internet capability, or any audio/visual recording or producing equipment, except with the written permission of the probation officer.

12. The defendant shall not enter the premises or loiter near where the victim(s) resides, is employed or frequents except under circumstances approved in advance and in writing by the probation officer.

13. The defendant shall pay the costs of any counseling received and any future counseling for the victim(s) of the instant offense, should counseling be pursued.

14. The defendant shall submit his person, residence, office or vehicle to a search, conducted by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

15. The defendant shall advise the probation officer of all computer, electronic equipment, and web enabled equipment, including cell phones, to which he possesses or has access within 24 hours of obtaining same.

DEFENDANT: MICHAEL J. DEVLIN
CASE NUMBER: 4:07CR143 JCH
District: Eastern District of Missouri

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on sheet 6

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $600.00 | | |

[ ] The determination of restitution is deferred until _____. *An Amended Judgment in a Criminal Case (AO 245C)* will be entered after such a determination.

[ ] The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | | | |

[ ] Restitution amount ordered pursuant to plea agreement _____

[ ] The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived for the.  [ ] fine and /or  [ ] restitution.

    [ ] The interest requirement for the  [ ] fine  [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: MICHAEL J. DEVLIN
CASE NUMBER: 4:07CR143 JCH
District: Eastern District of Missouri

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $600.00    due immediately, balance due

☐ not later than _____ , or

☒ in accordance with ☐ C, ☐ D, or ☐ E below; or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with    ☐ C,   ☐ D, or   ☐ E below; or ☐ F below; or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after Release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

**IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $100.00 on each of counts one through six, for a total of $600.00, that shall be due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest (6) community restitution.(7) penalties, and (8) costs, including cost of prosecution and court costs.



DEFENDANT: MICHAEL J. DEVLIN
CASE NUMBER: 4:07CR143 JCH
USM Number: 34499-044

# UNITED STATES MARSHAL
## RETURN OF JUDGMENT IN A CRIMINAL CASE

I have executed this judgment as follows:

_____

_____

The Defendant was delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

☐ The Defendant was released on _____ to _____ Probation

☐ The Defendant was released on _____ to _____ Supervised Release

☐ and a Fine of _____ ☐ and Restitution in the amount of _____

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

I certify and Return that on _____, I took custody of _____

at _____ and delivered same to _____

on _____ F.F.T. _____

U.S. MARSHAL E/MO

By DUSM _____